UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-mc-0016-JAM-KJN |
| Plaintiff, | No. 2:15-mc-0017-JAM-KJN |
| v. | No. 2:15-mc-0099-JAM-KJN |
| HODA SAMUEL, | |
| Defendant. | ORDER |

In a comprehensive order dated February 17, 2016, which was cross-docketed in each of the above-captioned miscellaneous actions, the court authorized garnishment of multiple accounts related to defendant and judgment debtor Hoda Samuel.  On February 29, 2016, defendant's spouse, Aiad Samuel, filed a motion for reconsideration of that order in each of the miscellaneous actions.  After carefully considering the briefing submitted by Mr. Samuel and the court's record, the court DENIES the motion for reconsideration.

Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

1

> neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As the court's February 17, 2016 observed, although Mr. Samuel had been provided with notice of each of the writs of garnishment and his right to file objections or claims of exemption, as documented by the certificates of service filed with the court, Mr. Samuel ultimately failed to file objections or claims of exemption in any of the above-captioned miscellaneous actions. In his motion for reconsideration, Mr. Samuel now claims that he has in fact opposed the writs of garnishment, but that he filed such opposition and objections in another miscellaneous action pending before Judge Claire, 2:15-mc-131-KJM-AC, which the United States commenced to obtain a third party examination of Mr. Samuel in aid of collection of the criminal judgment entered against his spouse. Mr. Samuel asserts that he filed his opposition and objections in the action before Judge Claire, because he believed that that action had been related and consolidated with these actions. For the reasons discussed below, Mr. Samuel's arguments lack merit and do not warrant reconsideration.

As an initial matter, the third party examination action pending before Judge Claire has not been related to these garnishment actions. Contrary to Mr. Samuel's argument, the United States had never moved to relate the third party examination action to the garnishment actions—it only filed a notice of related case with respect to the underlying criminal case. (See 2:15-mc-131-KJM-AC, ECF No. 2.) Therefore, there is nothing on the docket of the third party examination action that could have reasonably confused Mr. Samuel in that regard. Indeed, there is evidence to the contrary. The court notes that Mr. Samuel specifically appeared in another related garnishment action, 2:15-mc-94-JAM-KJN, and filed objections to garnishment of the account at issue there.[1] That appearance and filing of objections further belie Mr. Samuel's assertion that he

---

[1] The writ of garnishment at issue in that action was subsequently terminated upon request by the

1 was unaware that he needed to file objections in the individual garnishment actions.

2 Furthermore, even assuming that the court found Mr. Samuel's alleged mistake to be excusable, the court notes that Mr. Samuel first appeared in the third party examination action before Judge Claire on December 8, 2015, when he filed a motion to vacate the order to appear for a third party examination. That motion raised, among other arguments, Mr. Samuel's general objections to the propriety of the United States' freezing and garnishment of his alleged personal and business accounts. However, even if those objections are deemed to have been filed in these miscellaneous actions, they are clearly untimely, given that Mr. Samuel was served with notice of the writs of garnishment and his right to object months earlier.

Finally, even if the objections were now considered on their merits, they do not support reconsideration. Mr. Samuel asserts that the United States is improperly garnishing his personal funds and funds related to his business, which he claims have no relationship to his wife or his marriage, and which he has set aside to pay certain real estate taxes. Mr. Samuel further argues that he and his wife have always kept their business affairs separate, and that he has been unfairly targeted by the United States even though he had nothing to do with the underlying crime. The court is not unsympathetic to the plight of an innocent spouse like Mr. Samuel. Nevertheless, as the court explained in its previous February 17, 2016 order, community property assets, even those assets primarily managed by the innocent spouse, are properly subject to garnishment, and all property and funds acquired during marriage are presumed to be community property, even if they derive from the innocent spouse's own business or other endeavors. Mr. Samuel has the burden of overcoming that presumption and showing that a particular asset or account can be traced to a separate property source for purposes of California community property laws. Mr. Samuel's untimely objections merely assert, in conclusory fashion, that the accounts subject to garnishment are his personal or business accounts, but Mr. Samuel's subjective characterization of the accounts is not determinative. Additionally, the fact that Mr. Samuel has the funds earmarked for a particular purpose, i.e., the payment of real estate taxes, is also of no

---

United States.

consequence to the characterization of the property at issue.  Thus, even if the untimely objections were considered on their merits, they do not even remotely discharge Mr. Samuel's burden of overcoming the community property presumption.  The garnishments are proper and may proceed.

Accordingly, Mr. Samuel's motion for reconsideration is DENIED.  No further motions for reconsideration will be entertained.

IT IS SO ORDERED.

Dated:  March 3, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE